UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

NAIM HOLLOWAY,

                      Plaintiff,              **COMPLAINT**

        -against-

CITY OF NEW YORK, JEREMY RAMOS,    **PLAINTIFF DEMANDS**
MATTHEW ORNSTEIN, QUINN SEALEY,    **A TRIAL BY JURY**
WAYNE FELIU, and JAMES DOHENY,

                Defendants.

---------------------------------------------------------------X

Plaintiff Naim Holloway, by his attorney Michael Lumer, as and for his Complaint, hereby alleges upon information and belief as follows:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Naim Holloway was an adult male.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City" or the "City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

3. At all relevant times herein, defendant Jeremy Ramos (Tax 956739) was employed by the City as a member of the NYPD. Ramos is sued in his individual capacity.

4. At all relevant times herein, defendant Matthew Ornstein (Tax 965383) was employed by the City as a member of the NYPD. Ornstein is sued in his individual capacity.

5. At all relevant times herein, defendant Quinn Sealey (Tax 949648) was employed by

the City as a member of the NYPD. Sealey is sued in his individual capacity.

6.    At all relevant times herein, defendant Wayne Feliu (Tax 928281) was employed by the City as a member of the NYPD. Feliu is sued in his individual capacity.

7.    At all relevant times herein, defendant James Doheny (Tax 950336) was employed by the City as a member of the NYPD. Doheny is sued in his individual capacity.

8.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. §§ 1983 and 1988.

9.    The plaintiff timely served a Notice of Claim asserting, in relevant part, that he was maliciously prosecuted by the defendant City of New York and its employees and agents.

10.    At least thirty days have passed since service of plaintiff's Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

11.    The plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

12.    Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the defendant City of New York resides and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

13.    In the early afternoon hours of July 1, 2023, plaintiff was lawfully present at or in the vicinity of West 124 Street and Mount Morris Park in New York County.

14.    At this time the individual defendants were on duty and present in the general vicinity for the purpose of engaging in enforcement actions.

15.    At or about that time, plaintiff was walking on the sidewalk when, despite the

2

absence of sufficient legal cause and without warning, plaintiff was forcibly seized and taken to the ground, and then handcuffed by the individual defendants.

16.   The plaintiff was not engaging in any unlawful conduct, nor had he engaged in any conduct that could reasonably be viewed as unlawful, at the time of his arrest.

17.   The force used in the individual defendants' seizure of plaintiff was objectively unreasonable and caused plaintiff to suffer injuries, or the exacerbation of previously existing injuries, to his back and leg.

18.   The plaintiff, now in the defendants' custody, was taken to a local precinct station house for processing and to Mount Sinai Hospital for treatment before he was eventually taken to Central Booking in lower Manhattan where he was later arraigned.

19.   The arrest was assigned to a Detective John Avellino, whose Tax Number is 958273.

20.   Avellino was not present for the arrest and had no personal knowledge of any crimes plaintiff did or did not commit.

21.   While in defendants' custody, Avellino, with the help and complicity of the individual defendants, completed arrest paperwork in which the defendants falsely claimed that defendant Ramos had observed the plaintiff engage in a hand-to-hand drug transaction near the location of his arrest.

22.   The man whom plaintiff had allegedly sold drugs to was arrested separately and charged with narcotics possession.

23.   The man is identified herein as "LP" although his full name is known to the defendants.

24.     The criminal charges against LP were later dismissed.

25.     This claim by Ramos was false. Plaintiff had not participated in any hand-to-hand transaction with anyone, much less a drug sale with LP, and there was no basis for Ramos to reasonably believe that he had witnessed plaintiff participating in a criminal exchange.

26.     The defendants further claimed that they seized the plaintiff moments after Ramos told them he had seen a drug sale involving the plaintiff, and that when they searched him at the scene of the arrest, they recovered heroin, cocaine, and fentanyl in his pockets.

27.     This claim was also false, as the defendants surely knew that plaintiff did not possess any narcotics when arrested.

28.     The arrest of plaintiff was only one of multiple drug arrests made by the defendants on July 1, 2023.

29.     Avellino and/or one or more individual defendants forwarded these false allegations to the Special Narcotics Prosecutor's Office for the City of New York ("SNP"), or knowingly caused them to be forwarded, in order to justify plaintiff's arrest and persuade the SNP to initiate plaintiff's criminal prosecution.

30.     To the extent that any of the individual defendants did not personally communicate these false allegations to the SNP, they were aware that fabricated evidence had been or would be communicated to prosecutors by one of their colleagues for the purpose of initiating plaintiff's prosecution, and had ample opportunity to intervene to guard plaintiff from further harm and injury, but deliberately chose not to do so.

31.     On July 2, 2023, the SNP, based on defendants' false allegations, commenced plaintiff's criminal prosecution by filing a criminal complaint docketed as CR–018578-23NY that

charged the plaintiff with one count each of NY Penal Law § 220.16(1) (criminal possession of a controlled substance in the third degree), and NY Penal Law § 220.39(1) (criminal sale of a controlled substance in the third degree), both of which are and were B felonies.

32.    On November 3, 2023, the plaintiff was indicted on the same arraignment charges, as well as a second count of § 220.16(12).

33.    The indictment was procured through the SNP's reliance on the defendants' fabricated claims and false narrative.

34.    As a result of the defendants' actions, plaintiff was required to appear repeatedly in court until October 2025. On October 28, 2025, the plaintiff was acquitted of all charges following a jury trial.

35.    Although each of the defendants was aware that plaintiff's prosecution was grounded on their materially false statements, at no time did any of the individual defendants take any steps to intervene in the plaintiff's prosecution or to otherwise correct or acknowledge the false statements they or their fellow officers had communicated to the SNP or to otherwise protect the plaintiff from any further harm caused by the defendants' knowing violation of his constitutional rights.

36.    At all times relevant herein, the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

## FIRST CAUSE OF ACTION

### (§1983 Fabricated Evidence/Denial of Fair Trial
### Against the Individual Defendants)

37.    Plaintiff repeats the preceding allegations as though stated fully herein.

38.    The individual defendants willfully and intentionally subjected plaintiff to the denial of his right to a fair trial by fabricating evidence and communicating said materially false statements and/or materially misleading factual claims to the SNP, thereby causing plaintiff to suffer a substantial and irreparable deprivation of liberty.

39.    To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

40.    By so doing, the individual defendants subjected the plaintiff to the denial of a fair trial directly through the use of fabricated evidence, or through their failure to intervene in such misconduct by their fellow officers, and aided and abetted in the violation of, plaintiff's rights under the Fourth, Sixth, and/or Fourteenth Amendments of the United States Constitution.

41.    By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

### (§1983 Malicious Prosecution Claim
### Against the Individual Defendants)

42.     Plaintiff repeats the preceding allegations as though stated fully herein.

43.     The individual defendants willfully and intentionally caused the initiation of plaintiff's prosecution through the communication of materially false statements and/or materially misleading factual claims to the SNP.

44.     There was no probable cause for the prosecution of plaintiff for any of the charged offenses.

45.     The criminal prosecution was terminated in plaintiff's favor.

46.     The defendants acted with malice in bringing about and sustaining the plaintiff's prosecution.

47.     To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

48.     By so doing, the individual defendants directly caused the plaintiff to be maliciously prosecuted, or through their failure to intervene in such misconduct by their fellow officers, aided and abetted in the violation of, plaintiff's rights under the Fourth and/or Fourteenth Amendments of the United States Constitution.

49.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

**THIRD CAUSE OF ACTION**

**(§1983 Excessive Force
Against the Individual Defendants)**

50.     Plaintiff repeats the preceding allegations as though stated fully herein.

51.     Defendants Feliu, Sealey, Ramos, and Ornstein tackled plaintiff without any justification or need for such force to effectuate his seizure, causing him to suffer injuries or exacerbate existing injuries to his back and leg.

52.     By so doing, the individual defendants subjected the plaintiff to excessive force, either by doing so directly or by failing to intervene in such misconduct by their fellow officers, and thereby violated or aided and abetted in the violation of, plaintiff's rights under the Fourth Amendment of the United States Constitution.

53.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

**FOURTH CAUSE OF ACTION**

**(Malicious Prosecution Under New York Law
Against the City of New York and the Individual Defendants)**

54.     Plaintiff repeats the preceding allegations as though stated fully herein.

55.     Each of the individual defendants is liable under New York City Administrative Code (§8-802 et seq.) for the false arrest and imprisonment of the plaintiff.

56.     To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they were aware that it was or would be happening, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

57.     The City of New York, as the individual defendants' employer, is liable under §8-803 for the acts of its employees and agents, including these individual defendants.

58.     By reason thereof, the municipal defendant and the individual defendants have violated §8-802 et seq., and caused each plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of their liberty.

## FIFTH CAUSE OF ACTION

### (New York City Administrative Code §8-802 et seq.
### Against the City of New York and the Individual Defendants)

59.     Plaintiff repeats the preceding allegations as though stated fully herein.

60.     Each of the individual defendants is liable under New York City Administrative Code (§8-802 et seq.) for the false arrest and imprisonment of the plaintiff.

61.     To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they were aware that it was or would be happening, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

62.     The City of New York, as the individual defendants' employer, is liable under §8-803 for the acts of its employees and agents, including these individual defendants.

63.     By reason thereof, the municipal defendant and the individual defendants have violated §8-802 et seq., and caused each plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of their liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

(i)    actual and punitive damages against the individual defendants in an amount to be determined at trial;

(ii)    actual damages in an amount to be determined at trial against the City of New York;

(iii)    statutory attorney's fees pursuant to 42 U.S.C. §1988 and New York City Administrative Code §8-805, as well as the costs of the action;

(iv)    injunctive relief in the form of an order issued by this Court expressly restraining each individual defendant from engaging in further conduct in violation of Administrative Code §8-802, as required under New York City Administrative Code §8-805(a)(3); and,

(v)    such other relief as the Court deems just and proper.

Dated:    New York, New York
             March 7, 2026

LUMER LAW GROUP
Attorneys for Plaintiff Naim Holloway

Michael Lumer, Esq.
14 Wall Street, Suite 4C
New York, New York 10005
(212) 566-5060